1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division
4  MARC PRICE WOLF (CABN 254495)
   Special Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6488
7       FAX: (415) 436-7234
        marc.wolf@usdoj.gov
8
   Attorneys for the United States of America
9

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                           EUREKA DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO. CR-13-0681 CRB |
|---|---|---|
| v. | ) | [PROPOSED] ORDER OF DETENTION OF DEFENDANT JOHN SILVA |
| JOHN SILVA, | ) | |
| Defendant. | ) | |

The defendant John Silva came before this Court on October 23, 2013, for a detention hearing. The defendant was present and represented by Randall Davis, Esq. Special Assistant United States Attorney Marc Price Wolf represented the United States.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the defendant's appearance or reasonably assure the safety of the community.

Pretrial Services submitted a report recommending detention.

Upon consideration of the Pretrial Services report, the court file and the parties' proffers as discussed below, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required by the Court. The Court

[PROPOSED] DETENTION ORDER
CR 13-0681 CRB

orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant John Silva is charged with one count of violating 18 U.S.C. § 922(g) (felon in possession of firearm). The instant charge stems from an incident on or about September 14, 2013, wherein the defendant is alleged to have been parked illegally in the Redwood State/National Park with knives in his car, a knife on him and a marijuana pipe in plain view in his car. A search of his vehicle yielded a Sterling Arms Mark II .380 caliber pistol (Serial Number G54129).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required:

First, the defendant has a significant criminal history which includes: two misdemeanor convictions for obstructing/resisting a public officer; a felony conviction for failure to appear; a misdemeanor conviction for carrying a concealed dirk or dagger; unlawful possession of methamphetamine convictions; and felony convictions for vehicle theft and burglary.

Second, when caught for this offense, the defendant was on four terms of probation: two terms were court probation for the obstructing/resisting a public officer convictions; one was out of Del Norte County and one was out of Clackamas County in Oregon for absconding.

Third, the defendant has had multiple failure to appear warrants issued against him concerning

[PROPOSED] DETENTION ORDER
CR 13-0681 CRB

his previous charges.

Fourth, two possible sureties, the defendant's father and foster mother, are not willing to post money for his bond because they do not trust that he will show up to Court.

These factors, among others adduced at the hearing, demonstrate by a preponderance of the evidence that, if released, the defendant would not appear as required.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: October 25, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge